## CLEVELAND RY CO v McMANUS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15094. Decided June 22, 1936

Squire, Sanders & Dempsey, Cleveland, for plaintiff in error.

Harrison & Marshman, Cleveland, and Charles T. Rich, Cleveland, for defendant in error.

LEMERT, PJ, SHERICK and MONTOMERY, JJ, (5th Dist) sitting by designation.

### OPINION

By LEMERT, PJ.

This is an action for wrongful death brought by Teresa McManus as administratrix of the estate of John F. McManus.

John F. McManus was crushed to death on the 31st day of December, 1930, at about five o'clock P. M., when a street car operated by the defendant below crashed with terrific violence into the car which he was driving. The car in which decedent was riding was carried for a distance variously estimated from seventy-five to one hundred feet, after the collision. The collision occurred at the intersection of Coit Road and Euclid Avenue. Immediately preceding the collision the decedent had been traveling in his automobile in an easterly direction on Euclid Avenue, at a speed of about 20 to 25 miles per hour, along the portion of the street where the east bound street car tracks were located, the same being to the right of the center of the street. As he approached the intersection of Coit Road and Euclid Avenue, the wheels of his car got caught in deep ruts along the street car rails and this caused his car to skid across into the path of the oncoming west bound street car.

While the decedent was making an effort to get out of the west bound street car tracks, and while his automobile was at a southeasterly angle, partially off the track, a west bound street car, operated by the defendant and proceeding at a very high rate of speed, struck his automobile on the left hand corner with terrific force and carried it down the street for a great distance, which was variously estimated from 75 to 100 feet. This case was originally tried before the Honorable Virgil J. Terrell, and a jury. At the end of the plaintiff's case, Judge Terrell directed a verdict for the defendant.

Plaintiff prosecuted error to the Court of Appeals and the judgment of the trial court was reversed and the cause remanded for a new trial. From the order of the Court of Appeals reversing the trial court the defendant appealed to the Supreme Court of Ohio by a motion to certify. The motion to certify was overruled and the case remanded for a new trial. Defendant filed a motion for rehearing on the motion to certify, which motion was also overruled.

Pursuant to the holding of the Court of Appeals of Cuyahoga County and of the Supreme Court the case came on for trial before the Honorable George Kerr. By stipulation of counsel a jury was waived and the case was submitted to the court on the transcript of the evidence introduced by the plaintiff at the original trial of the case, together with exhibits of the defendant consisting of four photographs which were marked for identification, and although not actually offered in evidence at the first trial of this case were referred to at some length in the examination of the witnesses at that trial, as shown by the transcript of evidence contained in plaintiff's bill of exceptions.

The record discloses that the decedent was a successful business man in good health up until the moment of his death. He was chief inspector for the Murry Ohio Manufacturing Company and received a salary of Eighty-Five Dollars per week, and left surviving a wife and child nine years of age and a second child born three months after his death.

The cause having been submitted to Judge Kerr a verdict in the sum of Fifteen Thousand Dollars was returned for the plaintiff. A motion for a new trial was made and overruled. It is from this ruling that the defendant has prosecuted error.

The main and principal question submitted in this case, and the only question that we as a reviewing court are to decide, is whether or not the court, sitting as a jury, was warranted in returning a verdict for the plaintiff. We have carefully examined the record in this case and have to say that the law is well settled that in such a case as the instant case that a reviewing court will presume that all proper rulings of law were applied to the evidence, as was so well decided in the case of Szovanner v Toelke, 119 Oh St, 256, wherein the Supreme Court held:

"Where a trial court hears and determines a cause without the intervention of a jury and does not make separate findings of fact and conclusions of law, and no request is made therefor, and any evidence is adduced to support the conclusions reached under proper rules of law applicable thereto, a reviewing court will presume that all proper rules of law were applied."

In the case at bar no findings of fact or conclusions of law were requested. Therefore, the only question to be considered on this appeal is whether there was evidence to support the verdict of the trial court.

The Court of Cuyahoga County and the Supreme Court of Ohio by overruling the motion to certify have both held that the evidence submitted by the plaintiff presented a jury question. This same evidence was before the trial court and was the evidence upon which it based its ver-

dict for the plaintiff. The only new evidence in the case were the photographs submitted by the defendant; and, according to the uncontradicted testimony of the plaintiff's witnesses, these photographs did not represent the condition of the street at the point in question.

With reference to the other allegations of negligence and the evidence in support thereof, absolutely no evidence was submitted by the defendant. A fair inference from this fact is that the plaintiff's evidence in this respect was true.

If any of the plaintiff's allegations of negligence were sustained by evidence, and some must have been, or otherwise the Court of Appeals would not have reversed the trial court, then the issue of negligence was properly for the trial court.

On the issue of contributory negligence absolutely nothing was before the court that was not before the Court of Appeals when it held that the trial court erred in directing a verdict for the defendant.

We are, therefore, of the opinion that the judgment of the trial court should be and the same is hereby affirmed. Exceptions may be noted.

SHERICK and MONTGOMERY, JJ, concur.